# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ORLANDO M. GUTIERREZ** | § | |
| | § | |
| **V.** | § | **A-18-CV-416-LY** |
| | § | |
| **NORDSTROM DOMAIN, et al.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Orlando M. Gutierrez's Application to Proceed *In Forma Pauperis* (Dkt. No. 4) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 3). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Gutierrez's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Gutierrez *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Gutierrez is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Gutierrez's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Gutierrez has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.     **Section 1983 Claims**

Gutierrez is suing Nordstrom Domain, its Store Manager, Floor Lead, and Mike identified as a Supervisor. Gutierrez asserts that Nordstrom and its employees conspired to violate his civil rights when he was terminated from his part time employment at Nordstrom. Specifically, Gutierrez contends that the job offer he received was to be for at least two days, but that he only worked 2.8 hours before being asked to leave.

Gutierrez alleges Section 1983 claims against Nordstrom and its employees. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Thus, to state a claim under § 1983, Gutierrez must allege a state action. While it is not required that any of the defendants be state actors, they must be "willful participant[s] in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting [] 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). A claim under § 1983 therefore requires that the defendants be acting jointly with at least one state actor. Here, there is no question that Nordstrom Domain and its employees are not state actors. Nor does Gutierrez identify any other state actors with which the Defendants might have conspired. Gutierrez has therefore failed to state a claim for relief under § 1983.

3

**C. Harassment and Discrimination Claim**

Reading his complaint liberally, Gutierrez may potentially be alleging a claim under Title VII. However, to bring a claim under Title VII, a plaintiff must exhaust his administrative remedies prior to filing suit. "The filing of an administrative complaint is a jurisdictional prerequisite to a Title VII action." *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997). The plaintiff must then pursue and exhaust all administrative remedies prior to filing suit. *Id.* Here, Gutierrez has not indicated that he previously filed an EEOC complaint regarding these claims; nor has he provided the final agency decision. Accordingly, Gutierrez's claim should be dismissed for failure to exhaust his administrative remedies.

Moreover, Gutierrez has not alleged a plausible claim for relief. In his complaint, Gutierrez merely states that he was harassed sexually and "ask[ed] to assist continuously in different areas harassfully [sic] with discriminatory [sic] on my thoughts and actions." Dkt. No. 4 at 4. However, this is insufficient to allege a claim under Title VII. Gutierrez provides no facts to support his claim that he was sexually harassed. Instead, Gutierrez seems mainly to object to the Floor Lead assigning him work in different areas of the store and to his termination from Nordstrom. However, Gutierrez has not alleged that any of these actions were taken on the basis of his race, color, gender, religion, or national origin. As such, Gutierrez has failed to state a claim under Title VII.

**D.     Warnings**

Finally, the undersigned notes that this is not the first lawsuit that Gutierrez has filed. *See Gutierrez v. Austin Community College*, 1:18-CV-155-LY (W.D. Tex. 2018); *Gutierrez v. Texas Mutual Ins.*, 1:18-CVV-257-LY (W.D. Tex. 2018); *Guteirrez v. LNU*, 1:18-CV-279-LY (W.D. Tex. 2018); *Gutierrez v. Workforce Solutions*, 1:18-CV-387-LY (W.D. Tex. 2018). A court possesses

the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id*. In the *Workforce Solutions* case, the Court has recommended that Gutierrez be ordered to show cause why he should not be barred from filing further suits in this Court. That matter remains pending before the district court in that case.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Gutierrez *in forma pauperis* status (Dkt. No. 4). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Gutierrez's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of June, 2018.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　ANDREW W. AUSTIN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE